**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**


United States of America,                                    Criminal No. 13-305(1) JNE/JJK

                Plaintiff,

v.                                                                  **REPORT AND RECOMMENDATION**

Patrick Henry Adams,

                Defendant.


       Tracy L. Perzel, Esq., Assistant United States Attorney, for the
           plaintiff, United States of America; and

       Jordan S. Kushner, Esq., for defendant Patrick Henry Adams.


       This action came on for hearing before the Court, Magistrate Judge

Jeffrey J. Keyes, on March 25, 2014, at the U.S. Courthouse, 316 North Robert

Street, St. Paul, MN  55101.  The Court issued an Order on Motions dated March

25, 2014, reserving defendant's motions for severance of defendants and

dismissal of the indictment for submission to the District Court on Report and

Recommendation.

       Based upon the file and documents contained therein, along with the

motions and memorandums of counsel, the Magistrate Judge makes the

following:

## FINDINGS AND CONCLUSIONS

**Severance.**  Defendant Patrick Henry Adams has filed a motion for severance requesting that he receive a separate trial from his co-defendants. (Doc. No. 40.)  In his motion Mr. Adams asserts improper joinder, jury difficulty in distinguishing the alleged acts of each defendant, possible introduction of evidence that would be inadmissible against certain defendants in a separate trial, and the lack of evidence of a relationship between himself and a co-defendant.  The government opposes the motion, noting a strong preference for joint trials for co-conspirators.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses.  Fed. R. Crim. P. 8(b).  "There is a preference in the federal system for joint trials of defendants who are indicted together . . . [because] they promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts."  *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted). Persons charged with conspiracy should generally be tried together, and it will rarely be improper to join co-conspirators in a single trial.  *United States v. Kindle*, 925 F.2d 272, 277 (8th Cir. 1991); *United States v. Stephenson*, 924 F.2d 753, 761 (8th Cir. 1991), *cert. denied*, 502 U.S. 813 (1991).

Here, Defendants Patrick Henry Adams, Joel John Virtue, and Matthew David Birt have been indicted for conspiracy to commit bank fraud and aiding and abetting bank fraud.  (Doc. No. 1.)  Under these circumstances, the general rule in the federal system is that the co-conspirators should be tried together.  *See* Fed. R. Crim. P. 8(b).

The Defendants in this case were properly joined under Rule 8 and there is no requirement for severance based upon misjoinder.  Rule 14 severance is a remedy for prejudice that may develop during trial, and the decision on a Rule 14 motion for severance lies within the sound discretion of the trial court.  *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994).  The record in this matter offers no compelling indication as to how any defendant is prejudiced by joinder with the another defendant in this case, particularly to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases.  Specifically, it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to another defendant, and there has not been a persuasive particularized showing that a joined trial will prevent introduction of exculpatory evidence or will allow introduction of otherwise inadmissible evidence with respect to any defendant.  A defendant is not entitled to severance "simply because evidence may be admissible as to [a co-defendant] but not as to him."  *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985).  The values of justice and efficiency

gained by joint trials cannot be overcome without a more exacting showing by Defendant Patrick Henry Adams.

The court further concludes that with the assistance of instructions from the trial court the jury will be fully able to distinguish the acts of each defendant from the acts of the other defendants so as to avoid prejudice to any of them.  Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances.  At present, there has been no showing to support a recommendation for severance of defendants.

**Motion to Dismiss based on Pre-indictment Delay.**  Defendant Patrick Henry Adams moves for dismissal of the indictment on grounds that a delay of nearly seven years from the date of the most recent alleged offense and the return of the indictment has prejudiced the defense and is in violation of his Fifth Amendment due process rights.  The Defendant asserts that he may be prejudiced as a result of difficulty in locating material witnesses and documents, including on-line documents that no longer exist.  Mr. Adams also generally contends that the delay was not justified, except as a means to give the government a tactical advantage.

To establish a violation of due process rights a defendant must show that the pre-indictment delay resulted in actual and substantial prejudice to the defense and the delay is attributable to the government.  *United States v. Brockman*, 183 F.3d 891, 895 (8th Cir. 1999) (*citing United States v. Bartlett*, 794

4

F.2d 1285, 1289 (8th Cir. 1986)).  Actual prejudice must be shown through identification of specific witnesses or documents that were lost during a delay for which the government was responsible.  *Id.*  The Defendant cannot rely on speculative or conclusory claims of possible prejudice resulting from the passage of time.  *Id.*  In this instance the Defendant's claim of prejudice is wholly speculative and is not supported by reference to any particular witnesses or documents that are no longer available to the defense.  Moreover, Defendant offers no evidence to establish the existence of a tactical purpose or an advantage to be gained by the government as a result of delaying the indictment. *See  United States v. Haskell*, 468 F.3d 1064, 1070 (8th Cir. 2006).  Defendant Patrick Henry Adams' motion to dismiss for pre-trial delay should be denied.


**Motion to Dismiss Indictment based on Failure to State an Offense.**  Defendant Patrick Henry Adams moves for dismissal of the indictment on grounds that the indictment does not state a claim against him because it does not specify facts sufficient to apprise the Defendant of the nature of the fraud charges that are alleged.  The government argues that the indictment satisfies the Fed. R. Crim. P. 7(c)(1) requirement that it be a "plain, concise, and definite written statement of the essential facts constituting the offense charged," and insists that the indictment states facts to support the fraud claims that are alleged

and provides ample notice of the particular conduct that is the basis of the charges.

Typically, an indictment is sufficient if its language tracks the language of the statute. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). But where the indictment alleges violation of mail fraud, wire fraud, or bank fraud statutes, it must state facts with enough particularity to apprise the defendant of the nature of the charges and enable the court to find that there are facts sufficient to support a conviction. *United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012) (*citing Brown v. United States*, 143 F. 60, 62 (8th Cir. 1906)).

The indictment in this matter charges Mr. Adams and two co-defendants with one count of conspiracy to commit bank fraud, and further charges the same three defendants with five separate counts of aiding and abetting bank fraud, each count relating to a particularly identified bank transaction. The conspiracy charge includes a concise statement of the purpose of the conspiracy; a general, but complete, description of the means in which the alleged fraudulent activities were completed; and a recitation of overt acts which references specific dates, dollar amounts, and parties involved in particular transactions. This Court concludes that the indictment in this matter states the elements of conspiracy and bank fraud under 18 U.S.C. §§ 371 (conspiracy) and

1344 (bank fraud),[1] and provides sufficient facts to apprise the defendant of the nature of the charge and support a conviction.  Dismissal of the Count 1 conspiracy charge is not required.

Counts 2-6 in the indictment collectively allege that the named defendants aided and abetted one another in the commission of bank fraud and the Counts expressly incorporate the prior provisions of the indictment which describe the purpose and nature of the bank fraud and provide particulars relating to specific banking transactions.  With regard to the aiding and abetting charges, each of the five indictment Counts is based upon a described mortgage loan transaction which occurred on or about a particular date, involving expressly identified parties and a stated amount of money.  Again, this Court concludes that with respect to Counts 2-6, the indictment in this case states the elements of bank fraud under 18 U.S.C. § 1344, and provides sufficient facts to apprise the

---

[1] 18 U.S.C. §§ 1344 states:

Whoever knowingly executes, or attempts to execute, a scheme or artifice–
>    (1) to defraud a financial institution; or

>    (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representation, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years or both.

defendant of the nature of the charge and support a conviction.  Dismissal of the

Count 2-6 bank fraud Counts is not required.

Based upon the foregoing Findings and Conclusions of Law, the

Magistrate Judge makes the following:


## RECOMMENDATION

It is **Hereby Recommended** that:

1.  Defendant Patrick Henry Adams' Motion for Severance of

Defendants be **denied** [Docket No. 40];

2.  Defendant Patrick Henry Adams' Motion to Dismiss based on

Pre-indictment Delay be **denied** [Docket No. 41]; and

3.  Defendant Patrick Henry Adams' Motion to Dismiss Indictment

based on Failure to State an Offense be **denied** [Docket No. 42].


Dated:   ___March 28, 2014___

                                    __s/Jeffrey J. Keyes_____
                                    Jeffrey J. Keyes
                                    United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by **April
11, 2014**, a writing which specifically identifies those portions of this Report to
which objections are made and the basis of those objections.  Failure to comply
with this procedure may operate as a forfeiture of the objecting party's right to
seek review in the Court of Appeals.  A party may respond to the objecting party's
brief within **fourteen days** after service thereof.  All briefs filed under this rule

shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.