UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                                                        Criminal No. 13-305(1) (JNE/JJK)
                                                                                  ORDER

Patrick Henry Adams,

        Defendant.

This case is before the Court on Defendant's objections to two items: (1) a Report and Recommendation issued by the Honorable Jeffrey J. Keyes, United States Magistrate Judge, on March 28, 2014; and (2) an order issued by the magistrate judge on March 25, 2014.  The United States responded.  Based on a review of the record, the Court adopts the Report and Recommendation [Docket No. 54] and affirms the March 25, 2014 order [Docket No. 52].

In the Report and Recommendation, the magistrate judge recommended denial of Defendant's motion for severance of defendants, motion to dismiss based on pre-indictment delay, and motion to dismiss the indictment based on failure to state an offense.  Defendant objected to the magistrate judge's recommended denial of his motion to dismiss for failure to state an offense.  In his objection, Defendant contends that Counts 2-6 of the indictment lack specific facts to apprise Defendant of the nature of the accusations with any reasonable certainty or to enable the Court to determine if the facts stated are sufficient in law to support a conviction.

The Court has conducted a de novo review of the matter, *see* D. Minn. LR 72.2(b), and disagrees.  Counts 2-6 of the indictment incorporate paragraphs 1 to 5 and 7 to 16 of the indictment.  In those paragraphs the indictment alleges various facts about Adams' participation in a scheme to provide false information to, and to conceal information from, financial

institutions and other mortgage lenders to induce them to loan funds for the purchase of residential properties at false, inflated prices.  Counts 2-6 identify particular transactions related to specific residential properties that occurred as part of the scheme.  The Court finds that the indictment specifies facts that meet the requisite level of particularity for the counts that Defendant challenges.  *See United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012) (confirming that "[a]n indictment is normally sufficient if its language tracks the statutory language" but "where an indictment alleges a scheme to defraud under the bank, mail, or wire fraud statutes, it must specify facts not merely in the general words of the statute, but with such reasonable particularity as will apprise the defendant, with reasonable certainty, of the nature of the accusation  and as will enable the court to say that the facts stated are sufficient in law to support a conviction").

The March 25, 2014 order of the magistrate judge included rulings on various discovery and other matters.  Defendant objects to the order's treatment of his motion to compel discovery of "[a]ll reports and documents consisting of or relating to U.S. government investigations of misconduct or improper practices of any sort in connection with mortgage lending and securitization of mortgages" by various entities,[1] as requested in paragraph 8 of his Motion to Disclose Evidence Favorable to Accused [Docket No. 32] and paragraph 27 of his Motion for Discovery [Docket No. 33].  Defendant also objects to the order's denial of his Motion for Bill of Particulars [Docket No. 39] as to Counts 2-6 of the indictment.

The Court does not find either ruling "clearly erroneous" or "contrary to law."  *See* D. Minn. LR 72.2(a).  For the request of documents related to U.S. government investigations of

---

[1]     The entities are listed as "Suntrust, US Bank, Fremont Investment & Loan, Bank of New York, Bear Stearns, Central Bank, Countrywide, Aurora Bank or Aurora Loan Services, Bank of America, Great Northern Financial Group, Community First Bank, EMC Mortgage, GMAC Mortgage, Finance America, JP Morgan Chase, National City Mortgage, Sovereign Bank, and PHM Financial."

misconduct by specified financial institutions, the magistrate judge denied the request to the extent it sought materials beyond what the government is required to disclose "by the rules and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and as subsequently delineated in the case law." *See* Docket No. 52 at 4.  In his objection, Defendant does not explain how this ruling is clearly erroneous or contrary to law.  To the extent Defendant contends he is entitled to any investigation materials beyond what is provided for by Federal Rule of Criminal Procedure 16 and required by *Brady* and its progeny, he has not identified any legal authority for his position.  The Court does not find any basis to disturb the ruling of the magistrate judge on the issue.  As to Defendant's request for a Bill of Particulars, the Court agrees with the magistrate judge that the indictment is legally sufficient for Counts 2-6 for the reasons stated above in connection with the review of the Report and Recommendation.

    Therefore, IT IS ORDERED THAT:

1. Defendant's motion for severance of defendants [Docket No. 40] is DENIED.

2. Defendant's motion to dismiss for pre-indictment delay [Docket No. 41] is DENIED.

3. Defendant's motion to dismiss the indictment for failure to state an offense [Docket No. 42] is DENIED.

4. The Magistrate Judge's March 25, 2014, Order [Docket No. 52] is AFFIRMED.

Dated:  June 17, 2014

                                                   *s/Joan N. Ericksen*
                                                   JOAN N. ERICKSEN
                                                   United States District Judge